# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : CRIMINAL NO. 20-41-BAJ-SDJ |
| *versus* | : |
| | : |
| TERRY DORSEY, | : |
| KENYATTA HUGGINS, and | : |
| SHAMYRIN DJHODI JOHNSON | : |

### MOTION TO REVOKE DETENTION ORDER

Pursuant to 18 U.S.C. § 3142, Terry Dorsey, through undersigned counsel, respectfully moves this Court to revoke the magistrate judge's detention order and release Mr. Dorsey pending his trial under stringent release conditions. Specifically, Mr. Dorsey respectfully asks the Court to release him to the supervision of the Pretrial Services Agency, with GPS monitoring and any other restrictions the Court deems appropriate.

### I.  Background

On June 9th, 2020, Terry Dorsey was arrested and subsequently indicted on the following five charges:

1. Conspiracy to Commit Arson Affecting Interstate; and

2. Four Counts of Arson Affecting Interstate Commerce. [1]

On June 17th, 2020 a detention hearing was held. At the detention hearing, Counsel for the Defendant stipulated to his detention, reserving his right to reopen the issue of detention. The government did not object.[2]

---

[1] See Case 3:20-cr-00041-BAJ-DDJ Document 37 06/17/20
[2] See Case 3:20-cr-00041-BAJ-DDJ Document 32 06/17/20

## II. Discussion

The Supreme Court has made clear that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States. v. Salerno*, 481 U.S. 739, 755 (1987). That is why "[t]here can be no doubt that this Act *clearly favors nondetention*."[3] Instead, the Bail Reform Act requires the Court to impose the "least restrictive" means of ensuring the appearance of the person and safety to the community.[4] Only in "*rare* circumstances should release be denied," and any "doubts regarding the propriety of release should be resolved in the defendant's favor."[5]

When Congress passed the Bail Reform Act, it was looking to detain less people during the pretrial phase, not more. Congress knew that federal charges are serious, that mandatory minimums are frequently asserted, and that sentencing exposure is enormous for most individuals accused in the federal system—yet, it still crafted a law acknowledging that detention is *only* appropriate for that "*small but identifiable group of particularly dangerous defendants* as to whom neither the imposition of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community or other persons."[6]

## III. ANALYSIS

Title 18, United States Code, Section 3142(e) contains three categories of criminal offenses that give rise to a rebuttable presumption that "no condition or combination of

---

[3] *United States. v. Byrd*, 969 F.2d 106, 109 (5th Cir. 1992) (emphasis added)
[4] 18 U.S.C. § 3142(c)(1)(B)
[5] *United States v. Gebro*, 948 F.2d 118, 1121 (9th Cir. 1991) (emphasis added); *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) **("The default position of the law, therefore, is that a defendant should be released pending trial.")**
[6] S. Rep. No. 225, 98th Cong., 1st Sess. 6-7, *reprinted in* U.S. Code Cong. & Ad. News 3189, 1983 WL 25404, at *3189 (emphasis added).

conditions will reasonably assure . . . the [community's] safety". Those categories are:

(1) The person has been convicted of a Federal offense that is described in subsection (f)(1) of this section;

(2) The offense described in subparagraph (A) was committed while the person was on release pending trial for Federal, State, or local offense; and

(3) A period of not more than five years has elapsed since the date of conviction, or the release of the person from imprisonment, for the offense described in subparagraph (A), whichever is later.

Here, Mr. Dorsey has **not** been convicted of any Federal offense that is described in the above categories. Counsel maintains that the rebuttable presumption does not apply to Mr. Dorsey under the facts of this case. However, should the court believe that there is a rebuttable presumption the government still "retains the burden of persuasion."[7]

A. **The Rebuttable Presumption.**

The rebuttable presumption merely "impose[s] a burden of production on the defendant to offer some credible evidence" that he does not pose a danger to the community.[8] This is "not a heavy [burden] to meet."[9] Indeed, it is so low that Mr. Dorsey only needs to produce some evidence *"to suggest"* that he is neither dangerous nor likely to flee if released.

i. **Mr. Dorsey Does Not Pose A Danger To The Community**

As mentioned above, Mr. Dorsey has no convictions for violent offenses, in federal, and/or state court. However, the Government may point to the fact that Mr. Dorsey had two pending criminal cases in the state of Louisiana at the time of his federal arrest and

---

[7] *United States v. Martir*, 782 F.2d 1141, 1145 (2d Cir. 1986); *see also United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985).
[8] *United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985).
[9] *United States v. Dominquez*, 783 F.2d 702, 707 (7th Cir. 1986).

subsequent indictment.[10] In the 19th Judicial District case, the District Attorney's Office decided that there would be no formal charges filed against Mr. Dorsey.[11] Similarly, in the 18th Judicial Court case the District Attorney's Office filed a Motion of Nolle Pros in Mr. Dorsey's case.[12] First, the law is clear that in determining dangerousness of a person, the court looks at that person's prior convictions. Mr. Dorsey has no prior convictions for violent offenses. His sole conviction was for a relatively minor non-violent offense: a conviction in 2017 for possession of Schedule IV. Mr. Dorsey served a few months in parish prison and was given credit for time served. Second, two different district attorney's offices chose not to prosecute Mr. Dorsy for billed crimes. Hence, Mr. Dorsey submits that he has rebutted the presumption of dangerousness.

### ii. Mr. Dorsey Isn't Likely To Flee If Released

Mr. Dorsey is a lifelong resident of Baton Rouge, who has strong family and community ties. He is a small business owner and engaged to be married to his long time fiancee'. He is not on probation or parole. Thus, taken collectively, this evidence suggests that Mr. Dorsey's release, with location monitoring, would assure that he does not pose a danger to the community, and therefore the presumption has been rebutted.

Once rebutted, the presumption "does not disappear entirely" and "remains a factor to be considered among those considered by the district court."[13] However, a court should weigh the presumption only as much as a particular defendant "resembles[s] the congressional paradigm"

---

[10] STATE OF LOUISIANA vs. TERRY LEMOND DORSEY, Office of The District Attorney, 19th Judicial District DA File Number : 05401-20; and STATE of LOUISIANA vs. TERRY DORSEY Office of The District Attorney, 18th Judicial District Case Number: 1235-37.
[11] SEE EXHIBIT 1: Letter From Hillar C. Moor, III's Office.
[12] SEE EXHIBIT 2: Minute Entry
[13] *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001).

of a flight-prone, danger-prone defendant—discounting the presumption when a defendant differs from Congress's envisioned defendant.[14]

When the presumption is rebutted, like here, the government must persuade the court that a defendant cannot be released on conditions—that is, it must show that *all* possible conditions of release are insufficient.[15] Because the government **can only** contend that Mr. Dorsey **may** pose a danger to the community—and not be a flight risk—it must persuade the court by "clear and convincing evidence" of its assertion;[16] or put differently, the government must persuade the court "to a reasonable certainty" that Mr. Dorsey will pose a danger to the community if released.[17]

In determining whether the Government has met its burden, this Court must consider four factors:

(1) The "nature and seriousness of the offense charged;"

(2) The "weight of the evidence;"

(3) "[T]he defendant's character," including his physical and mental condition, family and community ties, past conduct, drug and alcohol abuse, and criminal history; and

(4) "[T]he nature and seriousness of the danger" posed to any person by release.[18]

Consideration of these four factors shows that Mr. Dorsey is not the "particularly dangerous defendant" that Congress had in mind—not by a long shot.

---

[14] *United States v. Jessup*, 757 F.2d 378, 387 (1st Cir. 1985) (Breyer, J.); *see also Alatishe*, 768 F.2d at 371 n.14 (describing *Jessup* as "extremely compelling in its rationale, both as to the nature of the presumption and its constitutionality").
[15] *See* 18 U.S.C. § 3143(f) (hearing is to determine whether "any condition" will suffice.).
[16] *United States v. Smith*, 79 F.3d 1208, 1209 (D.C. Cir. 1996) (per curiam).
[17] *Cf. LaShawn A. ex rel. Moore v. Fenty*, 701 F. Supp. 2d 84, 89 (D.D.C. 2010) (quoting *Levin v. Tiber Holding Corp.*, 277 F.3d 243, 250 (2d Cir. 2002)) (defining what constitutes "clear and convincing" evidence).
[18] 18 U.S.C. § 3142(g).

*First*, though arson is a serious offense, the nature and circumstances of the offense are complicated. It is alleged that Mr. Dorsey committed the offense in the wake of national protest against the mistreatment of people of African extraction in the United State of America. Furthermore, the nature and consequences of the alleged acts did not place human life in danger.

*Second*, for much the same reasons as above, the second factor weighs against detention. In assessing the weight of evidence, it is important to recognize that this factor is not a "preliminary determination of guilt."[19] Furthermore, The Bail Reform Act makes clear that nothing in the Act "shall be construed as modifying or limiting the presumption of innocence."[20] **Instead, Courts may consider the weight of the evidence "*only* in terms of the likelihood that the person will fail to appear or will pose a danger."**[21] Here, what is most relevant is whether there is evidence of dangerousness, such as evidence of violence, threats, or weapons—and here, there is none. As referenced above, Mr. Dorsey has never been convicted of a violent crime. Because of this, the weight of the evidence factor weighs against detention in this case. It should also be noted that prior to Mr. Dorsey's detention by the United States government, he was released on bond by the 19th Judicial District Court with no incidences of non compliance of his bond release conditions. Thus, this illustrates that Mr. Dorsey has and can comply with strict release conditions.

*Third*, Mr. Dorsey has substantial ties to the East Baton Rouge area. He graduated

---

[19] *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985).
[20] 18 U.S.C. § 1342(j).
[21] *Motamedi*, 767 F.2d at 1408 (**emphasis added**); *see also Stone*, **608 F.3d at 948 (explaining that the weight of the evidence factor "goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt.");**; *United States v. Hunt*, 240 F. Supp. 3d 128, 134 (D.D.C. 2017) ("Courts in other circuits have cautioned that a district court assessing the weight of the evidence must not consider the evidence of defendant's guilty, but rather must consider only the weight of the evidence of defendant's dangerousness."). *But see Taylor*, 2018 WL 272748, at *6.

from Christian Lighthouse Academy. He was raised here and, since his mother's death in 2005, he remains in the Baton Rouge area, living with his grandmother. He has a stable residence where he will reside with electronic monitoring during the pretrial phase of this case.

*Fourth,* though the nature and seriousness of the alleged crimes are serious, the risk of him committing crimes while released can be mitigated or eliminated by less restrictive means than pretrial detention.[22] In this case, such conditions as GPS monitoring, would reasonably assure the community's safety.

## Conclusion

The Bail Reform Act treats detention as the nuclear option—the last resort when all else fails. We are not there yet. For all these reasons, Mr. Dorsey respectfully asks the Court to release him under the supervision of the Pretrial Services Agency, with GPS monitoring and any other restrictions the Court deems appropriate.

Respectfully submitted,

/s/ Ryan K. Thompson
Ryan K. Thompson, BRN 38957
Counsel for Terry Dorsey
P.O. Box 41421
Baton Rouge, LA 70835
Telephone: (323) 271.8032
E-mail: rktsocialjustice@gmail.com

---

[22] *See United States v. Alston*, 420 F.2d 176, 178 (D.C. Cir. 1969) ("The law requires reasonable assurance but does not demand absolute certainty.").

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | :    CRIMINAL NO. 20-41-BAJ-SDJ |
| *versus* | : |
| | : |
| TERRY DORSEY, | : |
| KENYATTA HUGGINS, and | : |
| SHAMYRIN DJHODI JOHNSON | : |

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of January 2021, a true and correct copy of the foregoing *Motion to Revoke Detention Order* has been electronically filed, under seal, with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record via encrypted electronic mail.

                                                                              /s/ Ryan K. Thompson
                                                                              Ryan K. Thompson, BRN 38957
                                                                              Counsel for Terry Dorsey

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | :   CRIMINAL NO. 20-41-BAJ-SDJ |
| *versus* | : |
| | : |
| TERRY DORSEY, | : |
| KENYATTA HUGGINS, and | : |
| SHAMYRIN DJHODI JOHNSON | : |

### **ORDER**

Considering the above and foregoing *Motion to Revoke Detention Order:*

It is hereby ORDERED on this _____ day of _____, 2021, that Mr. Dorsey's Motion to release him to the supervision of the Pretrial Services Agency, with GPS monitoring and any other restrictions the Court deems appropriate be GRANTED.

---

BRIAN JACKSON, UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA