# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| *versus* | : | CRIMINAL NO. 20-41-BAJ-SDJ |
| TERRY DORSEY | : | |

## PLEA AGREEMENT

The United States Attorney's Office for the Middle District of Louisiana ("the United States") and Terry Dorsey ("defendant") hereby enter into the following plea agreement pursuant to Fed. R. Crim. P. 11(c).

### A. DEFENDANT'S OBLIGATIONS

#### 1. Guilty Plea

Defendant agrees to enter a plea of guilty to Count One of the Indictment charging him with conspiracy to commit arson affecting interstate commerce, in violation of 18 U.S.C. §§ 844(n) and (i).

#### 2. Financial Information

Defendant agrees to fully and truthfully complete the financial statement provided to him by the United States and to return the financial statement to the United States within ten days of this agreement being filed with the Court. Further, defendant agrees to provide the United States with any information or documentation in his possession regarding his financial affairs and to submit to a debtor's examination upon request. Any financial information provided by defendant may be used by the United States to collect any financial obligations imposed in this prosecution and may be considered by the Court in imposing sentence.

B.  **UNITED STATES' OBLIGATIONS**

1.  **Non-Prosecution/Dismissal of Charges**

The United States agrees that, if the Court accepts defendant's guilty plea, it will move to dismiss the remaining counts of the Indictment after sentencing, and it will not prosecute defendant for any offense related to the offenses charged in the Indictment.

2.  **Motion for Third Point for Acceptance of Responsibility**

The United States acknowledges that defendant has assisted authorities in the investigation or prosecution of defendant's own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently. The United States therefore agrees that, if the Court finds that defendant qualifies for a two-level decrease in offense level for acceptance of responsibility under USSG § 3E1.1(a) and, prior to the operation of USSG § 3E1.1(a), defendant's offense level is 16 or greater, the United States will move the Court pursuant to USSG § 3E1.1(b) to decrease defendant's offense level by one additional level. The United States reserves the right to object to a decrease in offense level for acceptance of responsibility based on information received by the United States after the effective date of this agreement, including information that defendant failed to timely submit the financial statement required by Section A(2) of this agreement.

C.  **SENTENCING**

1.  **Maximum and Minimum Statutory Penalties**

The maximum possible penalty on Count One is a term of 20 years imprisonment, a fine of up to $10,000,000, and a term of supervised release of up to 3 years. There is a mandatory minimum penalty on Count One of 5 years imprisonment.

In addition to the above, the Court must impose a special assessment $100, which is due at the time of sentencing. The Court may also order restitution.

**2.     Supervised Release**

Supervised release is a period following release from imprisonment during which defendant's conduct is monitored by the Court and the United States Probation Office and during which defendant must comply with certain conditions. Supervised release is imposed in addition to a sentence of imprisonment, and a violation of the conditions of supervised release can subject defendant to imprisonment over and above any period of imprisonment initially ordered by the Court for a term of up to 2 years, without credit for any time already served on the term of supervised release.

**3.     Sentencing Guidelines**

The Court will determine in its sole discretion what defendant's sentence will be. While the Court must consider the United States Sentencing Guidelines in imposing sentence, the Sentencing Guidelines are not binding on the Court. The Court could impose any sentence from the minimum possible penalty up to the maximum possible penalty as set out above despite any lesser or greater sentencing range provided for by the Sentencing Guidelines.

**4.     Agreement Regarding Sentencing**

Except as set forth in this agreement and the supplement to the plea agreement, the United States makes no promises, representations, or agreements regarding sentencing. The United States will file a motion pursuant to 18 U.S.C. § 3553(e), allowing the Court to impose a sentence below the statutory minimum of 60 months, provided defendant has and will continue to provide truthful information regarding matters relating, and in addition, to the counts contained in the Indictment. The United States reserves the right to present any evidence and

information, and to make any argument, to the Court and the United States Probation Office regarding sentencing in accordance with this agreement and supplement to the plea agreement., subject to any limitations associated with the filing of motion pursuant to 18 U.S.C. § 3553(e) should such motion be filed.

**D.    FACTUAL BASIS**

The United States and defendant stipulate to the following facts:

On May 31, 2020, defendant, Shamyrin Johnson ("Johnson"), and Individuals A, B decided to burn businesses in Baton Rouge, Louisiana. Defendant met with Johnson and Individuals A, B in North Baton Rouge and drove to the RaceTrac gas station on Siegen Lane near Interstate 10 in Baton Rouge to attend a protest. The vehicle was driven by Individual B, a friend of Johnson. Prior to leaving North Baton Rouge, Johnson decided to bring plastic gas containers to the protest. Johnson grabbed two large gas containers and defendant grabbed a third container. Johnson and defendant placed the gas containers inside the vehicle driven by Individual B. Defendant and the other three individuals remained at the protest for about 1 hour. While the protest was being broken up by law enforcement, defendant and the other three individuals departed the RaceTrac area and drove to the Mall of Louisiana. Then they departed toward the Industriplex area near the RaceTrac, and Johnson directed Individual B to stop at Tai Industries, located at 6410 Fieldstone Drive in Baton Rouge. Tai Industries was a business that contained real and personal property used in interstate commerce, to include wood used to create products sold by Tai Industries that was shipped across state lines into Louisiana. Johnson stated that he, along with his father, used to buy products at that location for their horses.

Individual B parked the vehicle close to Tai Industries, and defendant and Johnson departed the vehicle with gas containers and climbed over a fence at Tai Industries using a wooden pallet that they placed against the fence around the property. Upon gaining access to the property, defendant and Johnson poured gasoline on materials on the property, Johnson lit the materials on fire at locations where gasoline had been poured. Defendant and Johnson then departed the same way they entered the property and went back to the vehicle with Individuals A and B still inside.

After the fires were lit at Tai Industries, defendant and the other three individuals proceeded to the AutoZone located at 11554 Airline Highway in Baton Rouge. Johnson suggested stopping at this location because he believed it contained material that would cause a large fire. Individual B parked the vehicle in the parking lot of the Devonshire Apartments immediately adjacent to the

AutoZone, approximately 4 to 5 parking spots immediately inside the entrance to the parking lot. Defendant and the other three individuals departed the vehicle, proceeded to the AutoZone, and poured charcoal lighter fluid and fuel on the ground around the building. Johnson poured gasoline along the side of the building closest to the Devonshire Apartments, and defendant lit the fire at that location. The AutoZone was a business that contained real and personal property used in interstate commerce, to include automotive parts and products sold by the business that were shipped across state lines into Louisiana.

After the fire at the AutoZone was lit, defendant and the other three individuals returned to the vehicle and departed for North Baton Rouge. They stopped at the Tiger Tire Shop located at 4415 Plank Road in Baton Rouge. They stopped at this location because one of the individuals in the vehicle identified that there were tires located on the Shop's property that could be burned. Upon arrival, defendant, Johnson, and Individual B exited the vehicle and poured gasoline along one side of the Shop. Johnson lit the gasoline on fire, and defendant, Johnson, and Individual B returned to the vehicle. While departing, they drove by the Tire Shop and one of the other individuals in the vehicle recorded a video of this fire, and Johnson's voice is the first heard on the video. Tiger Tire Shop was a business that contained real and personal property used in interstate commerce, to include tires and other products sold by the business that were shipped across state lines into Louisiana.

After leaving the Tiger Tire Shop, defendant and the three other individuals drove to a Mobil Station on Airline Highway to get gasoline. Then they went to the AAA Tire Shop at 6160 Airline Highway in Baton Rouge. Defendant, Johnson, and Individual B departed the vehicle at this location, started a fire, returned to the vehicle, and departed the area. While departing, they drove by the Tire Shop and one of the other individuals in the vehicle recorded a video of this fire. AAA Tire Shop was a business that contained real and personal property used in interstate commerce, to include tires and other products sold by the business that were shipped across state lines into Louisiana.

No individuals, other than defendant, Johnson, and Individuals A, B were in the vehicle at any time prior to or immediately after the fires were lit at the four businesses described above, and no other individuals were involved with lighting the fires.

Defendant admits that, to the best of his knowledge and belief, the stipulated statement of facts is true and correct in all respects. The United States and defendant agree that, had this matter gone to trial, the United States could have proved such facts. The United States and defendant further agree that such facts are sufficient to support conviction of the offense to which defendant has

agreed to plead guilty. Defendant understands that, by the terms of USSG § 6B1.4, the Court is not limited by the stipulated facts for purposes of sentencing. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation and any other relevant information.

### E. **BREACH AND ITS CONSEQUENCES**

#### 1. **Conduct Constituting Breach**

Any of the following actions by defendant constitutes a material breach of this agreement:

    a.    failing to plead guilty to Count One of the Indictment at re-arraignment;

    b.    representing, directly or through counsel, to the United States or the Court that he will not plead guilty to Count One of the Indictment;

    c.    moving to withdraw his guilty plea;

    d.    filing an appeal or instituting other post-conviction proceedings not authorized in Section F(2);

    e.    disputing or denying guilt of the offense to which defendant has agreed to plead guilty or denying or disputing any fact contained in the stipulated factual basis;

    f.    providing false, misleading, or incomplete information or testimony, including financial information and testimony provided pursuant to Section A(2), to the United States; or

    g.    violating the terms of this agreement or the supplement to the plea agreement in any other manner.

#### 2. **Consequences of Breach**

In the event of a breach by defendant, the United States is relieved of its obligations under the agreement and the supplement to the plea agreement. In particular, the United States may prosecute defendant for any criminal offense. In addition, any statements and information

provided by defendant pursuant to this agreement (or the supplement to the plea agreement) or otherwise, and any information and evidence derived therefrom, may be used against defendant in this or any other prosecution or proceeding without limitation. Such statements and information include, but are not limited to, the plea agreement itself (including the factual basis contained in Section D), the supplement to the plea agreement, statements made to law enforcement agents or prosecutors, testimony before a grand jury or other tribunal, statements made pursuant to a proffer agreement, statements made in the course of any proceedings under Rule 11, Fed. R. Crim. P. (including defendant's entry of the guilty plea), and statements made in the course of plea discussions. Defendant expressly and voluntarily waives the protection afforded by Fed. R. Evid. 410 as to any statements made by him personally (but not as to statements made by his counsel). Defendant is not entitled to withdraw his guilty plea.

### 3. **Procedure for Establishing Breach**

The United States will provide written notice to defendant or his attorneys if it intends to be relieved of its obligations under the agreement and the supplement to the plea agreement as a result of a breach by defendant. After providing such notice, the United States may institute or proceed with any charges against defendant prior to any judicial determination regarding breach. However, the United States will obtain a judicial determination regarding breach prior to using statements and information provided by defendant or any act of producing documents or items by defendant pursuant to this agreement or the supplement to the plea agreement, or any evidence or information derived therefrom, in its case-in-chief in a criminal trial or in sentencing defendant in this case. The standard of proof in any proceeding to determine whether the plea agreement or the supplement to the plea agreement has been breached is preponderance of the evidence. To prove a breach, the United States may use (1) any and all statements of defendant,

(2) any and all statements of his counsel to the Court (including the United States Probation Office), and (3) any representation by defense counsel to the United States that defendant will not plead guilty.

## F. WAIVERS BY DEFENDANT

### 1. Waiver of Trial Rights

By pleading guilty, defendant waives the right to plead not guilty or to persist in a not guilty plea and waives the right to a jury trial. At a trial, defendant would have the trial rights to be represented by counsel (and if necessary have the Court appoint counsel), to confront and examine adverse witnesses, to be protected against compelled self-incrimination, to testify and present evidence, to compel the attendance of witnesses, and to have the jury instructed that defendant is presumed innocent and the burden is on the United States to prove defendant's guilt beyond a reasonable doubt. By waiving his right to a trial and pleading guilty, defendant is waiving these trial rights.

### 2. Waiver of Appeal and Collateral Remedies

Except as otherwise provided in this section, defendant hereby expressly waives the right to appeal his conviction and sentence, including any appeal right conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and to challenge the conviction and sentence in any post-conviction proceeding, including a proceeding under 28 U.S.C. § 2241, 28 U.S.C. § 2255, or 18 U.S.C. § 3582(c)(2). This waiver applies to any challenge on appeal or in any post-conviction proceeding to any aspect of defendant's sentence, including imprisonment, fine, special assessment, restitution, forfeiture or the length and conditions of supervised release or probation. Defendant, however, reserves the right to appeal the following: (a) any sentence which is in excess of the statutory maximum; (b) any sentence which is an upward departure pursuant to the Sentencing

Guidelines; and (c) any non-Guidelines sentence or "variance" which is above the guidelines range calculated by the Court. Notwithstanding this waiver of appeal and collateral remedies, defendant may bring any claim of ineffectiveness of counsel.

### 3. Waiver of Statute of Limitations

Defendant hereby waives all defenses based on the applicable statutes of limitation as to the offense charged in the Indictment including those that the United States has agreed to dismiss in Section B(1) and all offenses that the United States has agreed not to prosecute, as long as such offenses are not time-barred on the effective date of this agreement. Defendant likewise waives any common law, equitable, or constitutional claim of pre-indictment delay as to such offenses, as long as such offenses are not time-barred on the effective date of this agreement. The waivers contained in this paragraph will expire one year after the date of any of the following: (1) a judicial finding that defendant has breached the plea agreement; (2) the withdrawal of any plea entered pursuant to this plea agreement; or (3) the vacating of any conviction resulting from a guilty plea pursuant to this plea agreement.

### 4. Waiver of Speedy Trial Rights

Defendant hereby waives any common law, equitable, or constitutional claim regarding post-indictment delay as to the offense charged in the Indictment including those that the United States has agreed to dismiss in Section B(1). The waiver contained in this paragraph will expire one year after the date of any of the following: (1) a judicial finding that defendant has breached the plea agreement; (2) the withdrawal of any plea entered pursuant to this plea agreement; or (3) the vacating of any conviction resulting from a guilty plea pursuant to this plea agreement.

## G. EFFECT OF AGREEMENT

### 1. Effective Date

This agreement and the supplement to the plea agreement are not binding on any party until both are signed by defendant, defendant's counsel, and an attorney for the United States. Once signed by defendant, his counsel, and an attorney for the United States, the agreement and the supplement are binding on defendant and the United States.

### 2. Effect on Other Agreements

This agreement incorporates the supplement to the plea agreement which will be filed under seal with the Court. In this district, the Court requires that a sealed supplement be filed with every plea agreement regardless of whether defendant is cooperating. The supplement either states that defendant is not cooperating or provides the terms of defendant's agreement to cooperate. This plea agreement, along with the aforementioned supplement to the plea agreement, supersedes any prior agreements, promises, or understandings between the parties, written or oral, including any proffer agreement.

### 3. Effect on Other Authorities

The agreement does not bind any federal, state, or local prosecuting authority other than the United States Attorney's Office for the Middle District of Louisiana.

### 4. Effect of Rejection by Court

Pursuant to Fed. R. Crim. P. 11, the Court may accept or reject this plea agreement and the supplement to the plea agreement. If the Court rejects the plea agreement and the supplement, the plea agreement and the supplement are no longer binding on the parties and are not binding on the Court. If the Court rejects the plea agreement and the supplement, defendant will be given the opportunity to withdraw his plea and such withdrawal will not constitute a

breach of the agreement. If defendant does not withdraw his plea following rejection of the plea agreement and the supplement, the disposition of the case may be less favorable to defendant than contemplated by the plea agreement.

## H. REPRESENTATIONS AND SIGNATURES

### 1. By Defendant

I, Terry Dorsey, have read this plea agreement and have discussed it with my attorneys. I fully understand the agreement and enter into it knowingly, voluntarily, and without reservation. I have not been threatened, intimidated, pressured, or coerced in any manner. I am not under the influence of any substance or circumstance that could impede my ability to understand the agreement and its consequences.

I affirm that absolutely no promises, agreements, understandings, or conditions have been made, agreed to, or imposed by the United States in connection with my decision to plead guilty except those set forth in this agreement and the supplement to the plea agreement.

I acknowledge that no promises or assurances have been made to me by anyone as to what my sentence will be. I understand that representations by my attorneys (or anyone else) regarding application of the Sentencing Guidelines and/or my possible sentence are merely estimates and are not binding on the Court.

I have read the Indictment and discussed it with my attorneys. I fully understand the nature of the charge, including the elements.

I have accepted this plea agreement and agreed to plead guilty because I am in fact guilty of Count One in the Indictment.

I am satisfied with the legal services provided by my attorneys and have no objection to the legal representation I have received.

_____  DATE: 6/8/2021
Terry Dorsey
Defendant

2. **By Defense Counsel**

We have read the Indictment and this plea agreement and have discussed both with my client, Terry Dorsey, who is the defendant in this matter. We are satisfied that defendant understands the agreement and the charge against him, including the elements. We are also satisfied that defendant is entering into the agreement knowingly and voluntarily. This agreement, together with the supplement to the plea agreement, accurately and completely sets forth the entire agreement between defendant and the United States.

_____  DATE: 6/8/2021
Brady Skinner III
Counsel for Defendant

_____  DATE: 6/8/2021
Ryan K. Thompson
Counsel for Defendant

3. **By the United States**

We accept and agree to this plea agreement on behalf of the United States. This agreement, together with the supplement to the plea agreement, accurately and completely sets forth the entire agreement between defendant and the United States.

_____  DATE: 6/6/2021
Ellison C. Travis
Acting United States Attorney
Middle District of Louisiana

_____  DATE: 6/7/2021
Paul L. Pugliese
Assistant United States Attorney
Middle District of Louisiana